Office of Disciplinary Counsel *v.* Linick.

[Cite as *Disciplinary Counsel v. Linick* (1999), 84 Ohio St.3d 489.]

(No. 98–1241—Submitted September 16, 1998—Decided February 10, 1999.)

*Jonathan E. Coughlan,* Disciplinary Counsel, and *Lori J. Brown,* Assistant Disciplinary Counsel, for relator.

*Charles W. Kettlewell,* for respondent.

**Per Curiam.** We adopt the findings and conclusions of the board. On review of the record, we find that respondent's conduct violated DR 2–107(A)(1) and 5–107(A)(2) as found by the board. In *Ohio State Bar Assn. v. Zuckerman* (1998), 83 Ohio St.3d 148, 699 N.E.2d 40, we imposed a one-year suspension on one of the outside counsel who participated in this scheme. We believe that the same sanction is appropriate for respondent. Respondent is hereby suspended from the practice of law in Ohio for one year. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

RESNICK and LUNDBERG STRATTON, JJ., dissent.

LUNDBERG STRATTON, J., dissenting. I respectfully dissent from the sanction imposed by the majority. In the case of *Ohio State Bar Assn. v. Zuckerman* (1998), 83 Ohio St.3d 148, 699 N.E.2d 40, the court imposed a one-year suspension. In the *Zuckerman* case, no one disputes that Zuckerman did competent

work and received a reasonable fee for his services. He then kicked back fifty percent of the fee to Linick.

Linick performed no services for the percentage of kickback he received. He had a similar scheme going with Attorney Kanter. Linick returned none of this money to his employer, Glidden. He was the mastermind and the beneficiary of the scheme. His discipline should therefore be greater than Zuckerman's.

Therefore, I would suspend Linick for two years, with six months stayed.

RESNICK, J., concurs in the foregoing dissenting opinion.